UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DONNY MCGAIL SCOTT                                                                 PETITIONER

V.                                                         CIVIL ACTION NO. 3:24-CV-598-DPJ-ASH

WARDEN BYRON WALKER                                                              RESPONDENT

REPORT AND RECOMMENDATION

Pro se Petitioner Donny McGail Scott challenges his pending state criminal charge for felon in possession of a firearm in this 28 U.S.C. § 2241 petition.[1] Respondent seeks dismissal of Scott's petition. Mot. [20]. As explained below, the undersigned recommends the Court grant Respondent's motion to dismiss.

I.      Facts and Procedural History

In 2019, Scott was indicted in Lauderdale County on a drug-possession charge and a firearm charge. He pleaded guilty and was sentenced, and his sentence included a term of probation. On January 6, 2024, while he was on probation, Scott was arrested on a felon-in-possession-of-a-firearm charge. That arrest led the State of Mississippi to file a petition to revoke Scott's probation; the Lauderdale County Circuit Court granted the petition, revoked Scott's probation, and sentenced him to an eight-year term of incarceration on January 25, 2024. Scott is presently serving that sentence in the custody of the Mississippi Department of Corrections.

---

[1] Scott initially filed a petition under § 2254 challenging the 2024 revocation of his probation by the Lauderdale County Circuit Court. *Scott v. Walker*, No. 3:24-CV-278-HTW-LGI. Scott also raised a challenge to his pending charge in his filings in that case. On October 1, 2024, United States Magistrate Judge LaKeysha Greer Isaac ordered that Scott's claims relating to his pending charge be severed into a separate § 2241 case. This is that severed case.

The January 6, 2024 arrest also led to the pending state criminal charge about which Scott complains here: on April 9, 2024, a grand jury in Lauderdale County handed down an indictment charging Scott as a habitual offender with being a felon in possession of a firearm. Scott, who is represented by appointed counsel in that matter, was arraigned on May 3, 2024, and the court set an August 27, 2024 plea deadline. On August 27, 2024, on Scott's motion, the Lauderdale County Circuit Court set his case for an April 7, 2025 trial. On April 7, 2025, again on Scott's motion, the court reset the case for a status conference on June 5, 2025. On June 5, 2025, on Scott's motion, the court reset the trial for January 26, 2026.

In his amended § 2241 petition, Scott says his right to a speedy trial is being violated as to the pending charge. Am. Pet. [15] at 2. He contends that the indictment was improper as the statute under which he is charged is unconstitutional and alleges he was subjected to an unlawful search and seizure. *Id.* at 6. As relief, he seeks dismissal of the pending charge against him, return of a seized pellet gun, and any other "injunctive relief[ or] damages" to which he is entitled. *Id.* at 7. Respondent filed a motion to dismiss the petition. Scott filed two one-page letters seeking a final ruling in the case but did not otherwise respond to the motion to dismiss, and the time to do so has now passed. Letters [22, 23].

II.   Analysis

    A.   Scott's Request for Dismissal of State Charge

Habeas relief is available under § 2241(c)(3) for a prisoner "in custody in violation of the Constitution or laws or treaties of the United States," including a pretrial detainee. *See Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) ("Pre-trial petitions such as Dickerson's [pre-trial challenges to state charges] are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the

2

present status of the case pending against [them.]"). But "[a] pretrial detainee is not permitted to derail 'a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court.'" *Graham v. Sollie*, No. 3:21-CV-379-DPJ-FKB, 2021 WL 5411549, at *1 (S.D. Miss. Oct. 22, 2021) (quoting *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 493 (1973)). Thus, for example, a pretrial detainee "may not seek dismissal of state charges and release based upon his right to a speedy trial." *Id.* (citing *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976)).

On the other hand, where "special circumstances" are present, federal habeas corpus may lie "to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden*, 410 U.S. at 489. "'Special circumstances' are those on which a 'federal court cannot await a final ruling by [a] state court[], because the integrity of a federal right is threatened.'" *Wilson v. Washington County*, No. 4:20-CV-158-DMB-DAS, 2021 WL 4497493, at *2 (N.D. Miss. Sept. 30, 2021) (quoting *Vassar-El v. Orleans Par. Prison*, No. 18-838, 2018 WL 4462544, at *2 (E.D. La. Sept. 18, 2018)). Special circumstances are present where

> (1) the state-court proceeding was brought in bad faith or to harass the federal plaintiff; (2) the federal plaintiff seeks to challenge a state statute that is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it," or (3) . . . other "extraordinary circumstances" threaten "irreparable loss [that] is both great and immediate."

*Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (quoting *Younger v. Harris*, 401 U.S. 37, 45, 53–54 (1971)); *see Portis v. Sollie*, No. 3:20-CV-316-TSL-RPM, 2021 WL 908214, at *2 (S.D. Miss. Jan. 20, 2021) (finding three situations spelled out in *Gates* "applicable in the federal habeas context").

3

Scott has not shown that special circumstances exist here. He presents no evidence of bad faith motivating the state proceedings. And while he vaguely argues that "the statute under which the conviction and/or sentence was obtained[2] is unconstitutional," Am. Pet. [15] at 6, this argument does not demonstrate the sort of "flagrant[] and patent[]" unconstitutionality described in *Gates*, 885 F.3d at 880. Finally, Scott has not shown that irreparable injury would occur absent federal intervention in the state-court proceedings. Thus, as to Scott's request that the Court order the charge against him dismissed, relief is unavailable under § 2241. The undersigned recommends dismissal with prejudice of Scott's claim seeking dismissal of the charge.

      B.      Request for Damages and Injunctive Relief Other than Release

Scott asks for any other relief to which he may be entitled, including damages and injunctive relief. Starting with the request for damages, "[c]laims for monetary damages must be pursued under 42 U.S.C. § 1983; damages are not available in a federal habeas corpus proceeding." *Brown v. Jones*, No. 3:23-CV-69-DPJ-FKB, 2023 WL 7548031, at *1 (S.D. Miss. Nov. 13, 2023). As for the request for injunctive relief, including return of a seized pellet gun, "habeas is not available to review questions unrelated to the cause of detention. Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976); *see also id.* at 936 ("Habeas lies to enforce the right of personal liberty; when that right is denied and a person confined, the federal court has the power to release him. Indeed, it has no other power; . . . it can act only on the body of the petitioner." (quoting *Fay v. Noia*, 372 U.S. 391, 430–31 (1963))). The

---

[2] Scott has been neither convicted nor sentenced on the charge he challenges in this petition.

Court lacks jurisdiction to award Scott damages or injunctive relief other than release. Claims for those remedies should be dismissed without prejudice.

    C.    Exhaustion

Finally, to the extent Scott states any other claim for relief that is cognizable in this § 2241 petition, the Court can consider such a claim only if Scott exhausted available administrative remedies in state court. *Dickerson*, 816 F.2d at 228. Exhaustion requires the petitioner to "provide the state's highest court with a fair opportunity to pass upon the issues raised in the petition for federal habeas corpus relief." *Martin v. Johnson*, No. 1:06-CV-71-D-D, 2006 WL 717491, at *1 (N.D. Miss. Mar. 21, 2006). As Respondent observes, Scott's petition mentions his right to a speedy trial, but never demands one. The Court need not divine his intent. Scott does not allege he exhausted any federal claims, and a search of the Mississippi Supreme Court's general docket shows that he has not presented a habeas petition in that court. Any cognizable habeas claims Scott brings are thus due to be dismissed without prejudice for failure to exhaust.

III.    Conclusion and Recommendation

The Court has considered all arguments. Any not directly addressed would not have changed the outcome. For the foregoing reasons, the undersigned recommends the Court grant Respondent's motion to dismiss, dismiss with prejudice Scott's claim seeking dismissal of the state charge, and dismiss the balance of the petition without prejudice.

IV.      Notice of Right to Object

In accordance with Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy[3] of this report and recommendation, may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party. The District Judge at the time may accept, reject, or modify, in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to the undersigned with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court for which there is no objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Services, L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted, this the 6th day of October, 2025.

                                                  s/ *Andrew S. Harris*
                                                  UNITED STATES MAGISTRATE JUDGE

---

[3] When a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).