UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DONNY MCGAIL SCOTT                                                    PETITIONER

V.                                                 CIVIL ACTION NO. 3:24-CV-598-DPJ-ASH

WARDEN BYRON WALKER                                                   RESPONDENT

ORDER

Petitioner Donny McGail Scott filed this habeas petition under 28 U.S.C. § 2241, challenging his pending state criminal charge for felon in possession of a firearm.  Am. Pet. [15] at 1.  Scott believes his right to a speedy trial is being violated, the indictment was improper because the statute under which he is charged is unconstitutional, and he was subjected to an unlawful search and seizure.  *Id.* at 2, 6.  As relief, he seeks dismissal of the pending state charge, return of a seized pellet gun, and any other injunctive relief or damages.  *Id.* at 7.  Respondent Warden Byron Walker moved to dismiss [20] the petition, and on October 6, 2025, United States Magistrate Judge Andrew S. Harris entered a Report and Recommendation [26], recommending that motion be granted.

I.    Analysis

Judge Harris reached three conclusions.  First, as to Scott's request to have his state charges dismissed, Judge Harris found Scott failed to show that "special circumstances" exist that would entitle him to federal habeas relief.  R&R [26] at 3; *see Portis v. Sollie*, No. 3:20-CV-00316-TSL-RPM, 2021 WL 908214, at *2 (S.D. Miss. Jan. 20, 2021), *report and recommendation adopted as modified*, 2021 WL 899079 (S.D. Miss. Mar. 9, 2021) ("[I]n *Younger v. Harris* [, 401 U.S. 37 (1971),] and its companion cases, the Supreme Court put forth three, roughly-defined 'special circumstances' situations that warrant federal court interference

notwithstanding an ongoing state court proceeding."). Second, Judge Harris noted that the Court

lacked jurisdiction to award Scott damages or injunctive relief other than release, including

return of seized property. R&R [26] at 4–5; *see Brown v. Jones*, No. 3:23-CV-69-DPJ-FKB,

2023 WL 7548031, at *1 (S.D. Miss. Nov. 13, 2023) ("Claims for monetary damages must be

pursued under 42 U.S.C. § 1983; damages are not available in a federal habeas corpus

proceeding."); *see also Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976) ("Simply

stated, habeas is not available to review questions unrelated to the cause of detention. Its sole

function is to grant relief from unlawful imprisonment or custody and it cannot be used properly

for any other purpose."). Third, Judge Harris correctly observed that, "to the extent Scott states

any other claim for relief that is cognizable in this § 2241 petition," Scott failed to exhaust his

available remedies in state court. R&R [26] at 5 (citing *Martin v. Johnson*, No. 1:06-CV-71,

2006 WL 717491, at *1 (N.D. Miss. Mar. 21, 2006)).

On October 14, 2025, Scott filed an Objection [27], but he fails to overcome the grounds

raised in Respondent's motion to dismiss or addressed in Judge Harris's Report and

Recommendation. *See* Not. [28] at 2 ("A close review of Scott's Objections confirms that he

fails to argue any valid legal or factual basis sufficient to overcome the Magistrate Judge's

Report and Recommendation recommending dismissal of Scott's pre-trial federal habeas

petition."). Judge Harris's thorough and well-reasoned Report and Recommendation is adopted

as the opinion of the Court.

II.    Conclusion

The Court has considered all arguments raised; those not specifically addressed would

not have changed the result. The Report and Recommendation [26] is adopted as the finding of

the Court; Respondent's motion to dismiss [20] is granted. Scott's claim seeking dismissal of the

state charge is dismissed with prejudice, and the remainder of the petition is dismissed without

prejudice.

A separate judgment will be entered as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 27th day of October, 2025.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE